UNITED STATES DISTRICT COURT IN AND FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ROBERTO GALEANA PEÑA, | § |
| Plaintiff, | § § § |
| vs. | § § § |
| COLOR CONCEPTS/GALEANA PAINTING & DRYWALL LLC, a Florida Company, | § § § § CASE NO: 1:21cv24127 |
| Defendant. | § § § |
| _____/ | § |

# ORIGINAL COMPLAINT

Plaintiff, ROBERTO GALEANA PEÑA, by and through the undersigned counsel, hereby files this Complaint against Defendant, COLOR CONCEPTS/GALEANA PAINTING & DRYWALL LLC ("COLOR CONCEPTS"), and states as follows:

## JURISDICTION AND VENUE

1. This action is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

2. This Court has jurisdiction because this action arises under federal law pursuant to 28 U.S.C. § 1331.

3. Plaintiff was a resident of Florida at the time this dispute arose, is over the age of eighteen (18), and is otherwise *sui juris*.

4. Defendant is a Florida Limited Liability Company that is doing business in the Southern District of Florida.

5. Defendant was Plaintiff's FLSA employer during Plaintiff's period of employment with Defendant, which is the subject of this lawsuit.

6. Venue is proper in this Court as a substantial part of the events or omissions giving rise to this action arose in the Southern District of Florida pursuant to 28 U.S.C. § 1391.

7. All conditions precedent to maintaining this action have been satisfied, excused, or waived.

## GENERAL ALLEGATIONS

8. Plaintiff was employed by Defendant as a painter from July 2005 through March 29, 2021, with Plaintiff serving at all material times as an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e) and Defendant serving at all material times as an "employer" of Plaintiff as that term is defined in 29 U.S.C. § 203(d).

9. Defendant is a Florida limited liability company and is part of the Building Finishing Contractors Industry.

10. Defendant, at all material times, was and is engaged in interstate commerce.

11. Defendant has had and has two employees or more.

12. Defendant has had and has an annual gross sales volume of $500,000 or more.

13. Defendant is subject to the FLSA, 29 U.S.C. § 201 et seq.

14. Under 29 U.S.C. § 207(a), an employer is required to pay time-and-a-half overtime wages for every hour worked in excess of forty (40) hours in a workweek.

15. Defendant failed to pay Plaintiff his proper overtime wages for every hour that Plaintiff worked in excess of forty hours in a workweek.

16. Plaintiff worked 12 hours per day excluding the one hour for lunch, (Plaintiff worked from 6:00 A.M. through 7:00 P.M.).

17. Plaintiff worked on Saturdays and Sundays; it was rare to be off on the weekends.

18. Defendant paid Plaintiff $160 per day beginning in 2019, which is an hourly rate of $13.33 per hour.

19. In 2018, Defendant paid Plaintiff $150 per day, which is an hourly rate of $12.50 per hour.

20. On average, Plaintiff worked 84 hours per week (from 6:00 A.M. through 7:00 P.M. Monday through Sunday).

21. On average, Plaintiff worked 44 overtime hours per week.

22. The overtime half-time rate not paid, when Plaintiff was paid $160 per day, is $6.67 per hour.

23. The overtime half-time rate not paid, when Plaintiff was $150 per day (in 2018), is $6.25 per hour.

24. At all material times, Defendant knowingly, willfully, or with reckless disregard denied significant wages to Plaintiff for work that Plaintiff performed directly or indirectly in the interest of Defendant.

25. Defendant knowingly, willfully, or with reckless disregard failed to properly compensate Plaintiff for all hours worked, including the hours Plaintiff worked in excess of 40 hours per week at the appropriate rate.

## COUNT I: FEDERAL OVERTIME WAGE VIOLATION
## UNDER 29 U.S.C. § 201 et seq.

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant is in the Building Finishing Contractors Industry and was and is engaged in interstate commerce.

28. Defendant's business, and Plaintiff's work for Defendant, affected interstate commerce for the relevant period because the materials and goods Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by Defendant to use on the job moved through interstate commerce.

29. Plaintiff's work for Defendant was in and/or so closely related to the movement of commerce that the FLSA applies to Plaintiff's work for Defendant.

30. The FLSA applies to Defendants' business activities.

31. Defendant is liable for overtime pay for the entire period of Plaintiff's employment with Defendant, or as much as allowed by the FLSA, 29 U.S.C. § 201 et seq.

32. Upon information and belief, Defendant had gross sales or business done in excess of $500,000 annually for the years 2018, 2019, and 2020 and likely will have gross sales in excess of $500,000 for the year 2021.

33. Plaintiff worked more than 40 hours per week throughout his employment with Defendant.

34. On average, Plaintiff worked for Defendant 12 hours per day, from Monday through Sundays.

35. Put another way, Plaintiff worked approximately 84 hours per week for Defendants.

36. Defendant, however, paid Plaintiff $160 per day (also known as "day rate" pay) from 2019 onwards, regardless of how many hours Plaintiff worked in a day or in a week.

37. In 2018, Defendant paid Plaintiff $150 per day (also known as "day rate" pay), regardless of how many hours Plaintiff worked in a day or in a week.

38. Plaintiff was not paid proper overtime wages for the hours that exceeded 40 hours per week in violation of FLSA, 29 U.S.C. § 207(a).

39. Accordingly, Plaintiff is owed half-time for all hours he worked over 40 each week, as required by the FLSA.

40. The calculation for what Plaintiff is owed for half-time hours by Defendant is $89,988.62 (from 2018 onwards) and is detailed below as follows:

**For 2019-2021**

$160 per day/12 hours per day = **$13.33 effective hourly rate**

7 days per week at 12 hours per day = **84 hours per week**

84 hours per week - 40 = **44 overtime hours**

$13.33 effective hourly rate/2 = **$6.67 half-time rate**

$6.67 x 44 hours = **$293.48 per week overtime damages**

$293.48 x 104.4 weeks (2 years at this rate) = **$30,639.31 unpaid overtime**

$30,639.31 x 2 (liquidated or double damages) = **$61,278.62**

**For 2018**

$150 per day/12 hours per day = **$12.50 effective hourly rate**

7 days per week at 12 hours per day = **84 hours per week**

84 hours per week - 40 = **44 overtime hours**

$12.50 effective hourly rate/2 = **$6.25 half-time rate**

$6.25 x 44 hours = **$275.00 per week overtime damages**

$275.00 x 52.2 weeks (1 year at this rate) = **$14,355.00 unpaid overtime**

$14,355.00 x 2 (liquidated or double damages) = **$28,710.00**

**TOTAL: $61,278.62** (2019 onward) **+ $28,710.00** (2018) **= $89,988.62**

41. Defendant intentionally and willfully, knowingly, or with reckless disregard refused to pay Plaintiff's proper overtime wages as required by FLSA since Defendant knew of the FLSA overtime requirements but nevertheless refused to pay Plaintiff overtime wages.

42. Defendant owes Plaintiff these wages as of the commencement of Plaintiff's employment with Defendants through Plaintiff's termination date of March 29, 2021, or as much allowed by the FLSA, 29 U.S.C. § 201 et seq.

43. Consistent with FLSA, however, Plaintiff seeks to recover back pay from March 29, 2018 through of March 29, 2021 in this action.

44. Defendants' employment practices described above resulted in Plaintiff not receiving appropriate compensation in willful violation of Plaintiff's rights secured by the FLSA, 29 U.S.C. § 201 et seq., within the meaning of 29 U.S.C. § 255(a).

45. As a consequence of Defendant's violations of the FLSA, Plaintiff is entitled to recover Plaintiff's unpaid overtime wages, liquidated damages of an equal amount to the unpaid overtime wages, interest, court costs, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant, COLOR CONCEPTS/GALEANA PAINTING & DRYWALL LLC, for unpaid overtime wages, liquidated damages, interest, court costs, and reasonable attorneys' fees as authorized under the Fair Labor Standards Act, 29 U.S.C.S. § 216(b) and any other applicable authority, along with all further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted,

**DATED:** November 23, 2021.

**COANE AND ASSOCIATES, PLLC**

By: /s/Arthur Mandel

**Arthur Mandel**
Florida Bar No. 22753
Email: Arthur.mandel@coane.com
1250 E. Hallandale Beach Blvd.,
Suite 303,
Hallandale Beach, FL 33009
Phone: (305) 538-6800
Fax: (866) 647-8296
***ATTORNEY FOR PLAINTIFF***

**Coane and Associates, PLLC**