UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24127-COOKE/DAMIAN

ROBERTO GALEANA PEÑA,

    Plaintiff,

vs.

COLOR CONCEPTS/GALEANA PAINTING
& DRYWALL LLC, a Florida Company, and
GALEANA PAINTING AND DRYWALL, LLC,
an Alabama LLC,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT'S
REQUEST TO SET ASIDE CLERK'S DEFAULT [ECF NO. 40]**

THIS CAUSE is before the Court on Defendant, Galeana Painting And Drywall, LLC's ("Galeana Painting"), Request to Set Aside Clerk's Default Pursuant to Federal Rule of Civil Procedure 55(c) (the "Motion"). [ECF No. 40].

THIS COURT has reviewed the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. The Court notes that Plaintiff did not file a response opposing the Motion as provided by the Local Rules. For the reasons set forth below, the Court **GRANTS** the Motion.

**I.    BACKGROUND**

On November 23, 2021, Plaintiff, Robert Galeana Peña ("Plaintiff"), filed a one-count complaint against Defendant, Color Concepts/Galeana Painting & Drywall LLC ("Color Concepts"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid overtime wages. [ECF No. 1 (the "Original Complaint")].

According to the allegations in the Original Complaint, Plaintiff was employed by Color Concepts as a painter from July 2005 through March 29, 2021. *Id.* ¶ 8. Plaintiff alleges that he worked twelve (12) hours per day, from 6:00 A.M. to 7:00 P.M., excluding one hour for lunch, every day of the week. *Id.* ¶¶ 16–17; 34. Plaintiff alleges that he was paid $160 per day by Color Concepts beginning in 2019, and that he was paid $150 per day in 2018 regardless of how many hours Plaintiff worked in any given day. *Id.* ¶¶ 18–19; 36–37. Plaintiff further alleges that he worked an average of eighty-four (84) hours per week and that he was not compensated for the hours worked in excess of forty (40) hours per week at the appropriate overtime half-time rate of $6.67 per hour in 2019 and $6.25 per hour in 2018. *Id.* ¶¶ 20–23, 25. Thus, Plaintiff seeks $30,639.31 for alleged unpaid overtime wages from 2019 to 2021, and $14,355.00 for alleged unpaid overtime wages for 2018. *Id.* ¶ 40. Plaintiff also seeks liquidated damages for a total of $89,988.62 for his FLSA overtime wages claim. *Id.* Plaintiff further claims that he is entitled to recover interest, costs, and reasonable attorney's fees under the FLSA. *Id.* at 9.

On December 13, 2021, Plaintiff filed an Amended Complaint. [ECF No. 10 (the "Amended Complaint")]. In the Amended Complaint, Plaintiff added Galeana Painting as a named defendant. *Id.* Plaintiff alleges that both Defendants, Color Concepts and Galeana Painting, served as a single and/or joint employer, as that term is defined under Section 203(d) of the FLSA, throughout Plaintiff's employment. *Id.* ¶¶ 8, 31. In support of this allegation, Plaintiff points to the fact that Defendants list the same contact information and same addresses for their place of business, have the same executives, and worked together on at least one project in Florida. *Id.* ¶ 24. Other than these new allegations, the Amended Complaint is identical to the Original Complaint in the general allegations and relief sought.

2

On January 4, 2022, Plaintiff filed a Statement of Claim. [ECF No. 13]. In the Statement of Claim, Plaintiff lists his calculations for the alleged unpaid overtime wages for 2018, 2019, and 2021. *Id.* The total amount of unpaid wages ($89,988.62) in the Statement of Claim is the same as the amount alleged in Plaintiff's Amended Complaint.

On January 6, 2022, pursuant to the Court's FLSA expedited-track calendar, the Court entered a Scheduling Order setting the case for trial during the two-week period beginning October 11, 2022. *See* ECF No. 15. Also, the Court entered an Order of Referral to Mediation directing the parties to participate in mediation by July 21, 2022. *See* ECF No. 16.

The record shows that both Defendants were allegedly served on January 25, 2022. *See* ECF No. 18. According to the Proof of Service, the registered agent for Color Concepts was served with a summons issued by the Clerk of Court on November 30, 2021. *Id.* at 1–2. Galeana Painting was allegedly served with a summons issued by the Clerk on December 16, 2021. *Id.* at 3–4. Subsequently, on March 9, 2022, Plaintiff filed a second Proof of Service indicating that Galeana Painting was served on March 5, 2022, by a private process server in Birmingham, Alabama. [ECF No. 25]. On April 1, 2022, Plaintiff filed an Acknowledgment of Service from the Secretary of State for service of process on Defendant Color Concepts. [ECF No. 25].

On April 13, 2022, Plaintiff filed separate Requests for Entry of Clerk's Default against both Defendants for failure to answer or otherwise respond to the Amended Complaint. [*See* ECF Nos. 30 and 31]. That same day, on April 13, 2022, Color Concepts filed a Response to Plaintiff's Request for Entry of Default asserting that Plaintiff's attempt to serve Color Concepts' registered agent by certified mail was improper. [*See* ECF No. 32; *see also* ECF No. 30, at ¶ 5; ECF No. 31, at ¶ 4].

On April 14, 2022, the Clerk issued a Non-Entry of Default as to Color Concepts since a responsive pleading had been filed, [ECF No. 33], and issued a default as to Galeana Painting for failure to appear, answer, or otherwise respond to the Amended Complaint. [ECF No. 34]. On April 15, 2022, and April 19, 2022, counsel filed a Notice of Appearance on behalf of Color Concepts and Galeana Painting, respectively. [*See* ECF Nos. 35 and 36].

On April 19, 2022, Galeana Painting filed a Motion to Set Aside Clerk's Default. [ECF No. 37]. On April 21, 2022, this Court entered a paperless Order denying without prejudice Galeana Painting's Motion to Set Aside Clerk's Default for failure to comply with Southern District of Florida Local Rule 7.1(a)(3), which requires counsel for the movant to confer with opposing counsel prior to filing the motion and specify in the motion the date and manner of such conference. [ECF No. 38]. Thereafter, on April 26, 2022, Galeana Painting filed the Motion[1] now before the Court requesting that the clerk's default be set aside and allowing it to file an Answer and Affirmative Defenses to Plaintiff's Amended Complaint. [ECF No. 40].

In the Motion, Galeana Painting asserts that although a process server allegedly served Jose Galeana, as the registered agent for Galeana Painting, on March 5, 2022, Mr. Galeana does not recall being served with Plaintiff's Amended Complaint. *Id.* ¶ 2. Galeana Painting explains that upon learning of Plaintiff's Requests for Entry of Clerk's Defaults, counsel for Color Concepts forwarded the requests to his client who then contacted Galeana Painting. *Id.* ¶ 3. At that time, Galeana Painting, which was not represented by counsel, contacted counsel for Color Concepts for representation in this matter and seeking to set aside the clerk's default entered on April 14, 2022. *Id.* ¶¶ 3–4.

---

[1] The Court notes that the newly filed Motion complies with Local Rule 7.1(a)(3).

## II.     APPLICABLE LEGAL STANDARDS

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(c) states that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The "good cause" standard is to be construed liberally on a case-by-case basis. *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996).

In determining whether good cause exists to set aside a default, courts may consider: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania Interamericana*, 88 F.3d at 951–52). Regardless of the factors used, they are simply "a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Compania Interamericana*, 88 F.3d at 951–52.

When ruling on a motion to set aside an entry of default, "[t]he Court is vested with considerable discretion[.]" *In re Fortner*, No. 12–60478, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)). Because of the strong policy of determining cases on their merits, the Eleventh Circuit views defaults with disfavor. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). As a result,

5

in order to obtain relief under Rule 55(c), the movant need only make a "bare minimum showing" to support its claim for relief. *Fortner*, 2012 WL 3613879, at *7 (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (footnote omitted)). Lastly, it should be noted that the standard to be applied to set aside an entry of default is different from the standard applied to set aside a default judgment. Specifically, the "excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *Tyco Fire & Sec. v. Alcocer*, No. 04-23127, 2009 WL 789657, at *2 (S.D. Fla. Mar. 23, 2009) (quoting *Equal Emp. Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990)).

With the foregoing in mind, the Court considers whether Galeana Painting has shown good cause to set aside the clerk's default.

### III.   DISCUSSION

In its Motion, Galeana Painting asserts the Court should set aside the clerk's default for three reasons: (1) Galeana Painting has a meritorious defense that might affect the legal outcome of Plaintiff's Amended Complaint; (2) setting aside the default would not prejudice Plaintiff; and (3) Galeana Painting's failure to answer the Amended Complaint was neither willful nor culpable. *See* Motion, at 3–4.

First, while not disputing that Plaintiff may have performed work on behalf of Galeana Painting, Galeana Painting asserts that Plaintiff performed such work as a subcontractor on behalf of third parties, and not as an employee of Galeana Painting. *Id.* at 3. Galeana Painting states it possesses affidavits attesting that Plaintiff only worked for a few months for Galeana Painting in the capacity of subcontractor from September 2018 to July 2019. Therefore, Galeana Painting argues it has a meritorious defense to Plaintiff's claims—*i.e.*, whether

6

Plaintiff was an "employee" as defined under the FLSA. *See* 29 U.S.C. § 203(e). The Court finds that Galeana Paining has presented a possible meritorious defense that warrants setting aside the clerk's default entered against it.

Second, Galeana Painting asserts setting aside the default would not prejudice Plaintiff because neither party has engaged in discovery to determine the merits of each side's respective claims and defenses. Galeana Painting points out that both Defendants would be prejudiced if the default entered against Galeana Painting is not set aside because, as alleged in Plaintiff's Amended Complaint, Defendants served as a "joint employer" of Plaintiff, and therefore, Color Concepts could be jointly responsible for any default judgment entered against Galeana Painting. The Court finds that setting aside the default entered against Galeana Painting would not prejudice Plaintiff. Moreover, by not filing a response to the Motion, Plaintiff has failed to demonstrate that he would be prejudiced if the default were set aside and the case decided on the merits.[2]

Third, Galeana Painting asserts its failure to answer the Amended Complaint was neither willful nor culpable as demonstrated by the actions taken once it learned that the default was entered. Indeed, Galeana Painting promptly sought counsel to represent it in this matter and filed the Motion five days after the default was entered. [*See* ECF No. 36 and 37]. The Court finds that Galeana Painting's default was neither culpable nor willful.

Therefore, the Court finds Galeana Painting has demonstrated good cause to set aside the clerk's default under Rule 55(c).

---

[2] Plaintiff's failure to file an opposing memorandum of law no later than fourteen (14) days after service of the Motion "may be deemed sufficient cause for granting the motion by default." S.D. Fla. Local Rule 7.1(c)(1).

## IV. CONCLUSION

Accordingly, for the reasons stated above, it is hereby

ORDERED and ADJUDGED that Defendant, Galeana Painting & Drywall, LLC's Request to Set Aside Clerk's Default [ECF No. 40] is **GRANTED**. The Clerk of Court is directed to **VACATE** its Entry of Default as to Defendant, Galeana Painting and Drywall, LLC [ECF No. 34]. It is further

ORDERED and ADJUDGED that Defendant, Galeana Painting and Drywall, LLC, shall file a response to Plaintiff's Amended Complaint no later than **June 10, 2022**.

**DONE and ORDERED** in Chambers at Miami, Florida this 1st day of June 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Marcia G. Cooke
Counsel of Record